O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIN MANAGEMENT SPECIALISTS; GALILEO SURGERY CENTER, LP., CYPRESS AMBULATORY SURGERY CENTER, L.P., <br><br> Plaintiff, <br><br>     v. <br><br> BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, a California corporation, <br><br> Defendant. | Case No. **CV 13-05417 DDP (MRWx)** <br><br> **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant removed this action on the basis of federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA").  The court orders the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Ordinarily, determining whether a particular case arises under federal law turns on the "well-

1  pleaded complaint" rule.  Franchise Tax Bd. Of State of Cal. v.

2  Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9

3  (1983).  As an exception to the this rule, a state-law cause of

4  action that "relates to" an ERISA benefit plan may be preempted

5  under ERISA § 514(a), and may be removed under the complete

6  preemption doctrine.  See Marin Gen. Hosp. v. Modesto & Empire

7  Traction Co., 581 F.3d 941, 945 (9th Cir. 2009).  Here, while

8  Plaintiff's original Complaint did not facially assert an ERISA

9  cause of action, it was removed because, according to Defendant,

10  its state-law claims were encompassed by ERISA § 502(a).  See id.

11  Plaintiff's First Amended Complaint ("FAC") did not change any of

12  the substantive allegations of Plaintiff's original Complaint.

13  Rather, the FAC merely changed the first cause of action to seek

14  wrongful denial of benefits "pursuant to ERISA."  (FAC ¶ 39.)

15      In Marin, the Ninth Circuit concluded that the plaintiff's

16  causes of action were not completely preempted because they were

17  based upon an oral contract between an insurance provider and a

18  health care provider, and that contract gave rise to a legal duty

19  independent of ERISA.  See Marin, 581 F.3d at 944-50.  Following

20  Marin, courts in this district have found that complete preemption

21  does not apply where a complaint can reasonably be read to allege

22  that there is an independent obligation that is not based upon an

23  obligation under an ERISA plan.  See Orthopedic Specialists of S.

24  Cal. v. Aetna Life Inc. Co., No. CV 10-6246 PA (JEMx), 2010 WL

25  3504916 at *2 (C.D. Cal. 2010); see also Coast Plaza Doctors Hosp.

26  v. Ark. Blue Cross and Blue Shield, No. CV 10-06927 DDP(JEMx), 2011

27  WL 3756052, at *3 (C.D. Cal. 2011)("where a third-party medical

28  provider sues an ERISA plan based on contractual obligations

2

1  arising directly between the provider and the ERISA plan, no ERISA-

2  governed relationship is implicated and the claim is not

3  preempted")(internal quotation and citation omitted).

4       In this case, the FAC alleges that pursuant to a telephone

5  conversation between the parties, Plaintiff understood that the

6  medical procedures would be "covered."  (FAC ¶¶ 17, 20.)  Plaintiff

7  suggests that the benefits owed are pursuant to the plan, yet

8  Plaintiff itself is unclear on what the actual terms of the plan

9  are.  (FAC ¶¶ 21-22.)  As in Marin, Defendant allegedly paid

10  Plaintiff some amount, but not the entire amount owed.  (FAC ¶ 29),

11  Marin, 581 F.3d at 948.  Thus, it is unclear whether the claims

12  arise under an ERISA plan or an independent contractual.

13       Accordingly, the court orders the parties to each file a

14  brief, not to exceed ten pages, within 14 days of the date of this

15  Order, showing why this action should not be remanded for lack of

16  jurisdiction.  Parties should also deliver a courtesy copy to

17  chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los

18  Angeles.

19

20

21  IT IS SO ORDERED.

22

23

24  Dated: March 13, 2014

25                                        DEAN D. PREGERSON
                                          United States District Judge

26

27

28

3