O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIN MANAGEMENT SPECIALISTS; GALILEO SURGERY CENTER, LP., CYPRESS AMBULATORY SURGERY CENTER, L.P.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, a California corporation,<br><br>　　　　Defendant. | Case No. **CV 13-05417 DDP (MRWx)**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 17] |

　　Presently before the court is Defendant Blue Shield of California's Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.　Background**

　　Plaintiffs are all outpatient surgical centers located in San Luis Obispo county. (First Amended Complaint ("FAC") ¶¶ 2-4.)[1]

---

[1] This court granted the parties' stipulation to allow Plaintiffs to file the First Amended Complaint. (Dkt. No. 11.) The court's Order granting the stipulation required that the First
(continued...)

Defendants administered a medical insurance plans that covered one of Plaintiffs' patients, S.S. (FAC ¶¶ 1, 8). The insurance plan was subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). (Id. ¶ 7-8). Patient S.S. assigned his benefits under the plans to Plaintiffs. (Id. ¶ 13.)

Plaintiffs provided medical services to S.S. after confirming with Defendants that Defendants would pay for the procedures. (FAC ¶¶ 16, 20.) Plaintiffs were not, however, "out-of-network" providers. (Id. ¶ 18.) Though Plaintiffs understood that the procedures would be covered, Defendants "were vague" as to the amount that would be paid. (Id. ¶ 17.)

Plaintiffs are unaware of the terms of the plans, but allege that Defendants refused to pay the amounts required by plans. (Id. ¶ 22.) Since 2008, Defendants have paid only $3,914.44 of the $180,400.00 requested by Plaintiffs. (Id. ¶ 5.)

The First Amended Complaint alleges causes of action for (1) wrongful denial of benefits under ERISA § 502(A)(1)(B) and (2) promissory estoppel. Defendants now move to dismiss.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must

---

[1](...continued)
Amended Complaint be filed in accordance with the Clerk's Office Filing Procedures. (Id.) Though Plaintiffs attached the First Amended Complaint as an exhibit to the stipulation, it does not appear that Plaintiffs complied with the court's Order, as they have not yet filed the First Amended Complaint.

"accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

**III. Discussion**

    A.  Wrongful Denial of Benefits

Plaintiffs' ERISA claim is predicated upon S.S.' assignment of his rights under the plans to Plaintiffs. The plans, however, all contain non-assignability clauses. The plans state, "Coverage or any Benefits of this Plan may not be assigned . . . . If the

3

[patient] receives Services from a Non-Preferred Provider, payment will be made directly to the [patient], and the [patient] is responsible for payment to the Non-Preferred Provider.  The [patient] or the provider of Service may not request that the payment be made directly to the provider of Service." (Defendants' Request for Judicial Notice, Ex. A at 68, Ex. B at 66, Ex. C at 67.)

Plaintiffs' opposition contends that non-assignability provisions in health care plans are prohibited under California law.  (Opp. at 5.)  The Ninth Circuit, however, has explictly held that such provisions are enforceable.  "ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan." Davidowitz v. Delta Dental Plan of California, Inc., 946 F.2d 1476, 1481.  Plaintiffs do not address, let alone distinguish, this binding precedent.  See also, Desert Valley Hospital, Inc. v. Wal-Mart Stores, Inc., Nos. EDCV 11-1584 VAP, EDCV 11-1585 VAP, 2012 WL 833000 at *3 (C.D. Cal. Mar. 9, 2012) ("[P]atients could assign their Plain benefits . . . *as long as the plan lacked a valid clause forbidding its members from making such assignments*.") (emphasis added); Spinidex Physical Therapy U.S.A., Inc. v. United Healthcare of Arizona, Inc., No. CV-08-457-PHX, 2012 WL 8169880 at *4 (D. Ariz. Mar. 29, 2010).  Plaintiffs' ERISA claim is dismissed with prejudice.

    B.   Promissory Estoppel

"The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be

4

injured by his reliance." US Ecologoy, Inc. v. State, 129 Cal. App. 4th 887, 901 (2005) (internal quotation, alteration, and citation omitted).  Defendants contend that the FAC fails to sufficiently allege the first and third elements, and the court agrees.

As an initial matter, Plaintiffs' opposition makes no serious attempt to contest Defendants' arguments.  Instead, the opposition merely recites the elements of a promissory estoppel claim and states, "Plaintiffs have outlined in Paragraph 42-50, with specificity, the necessary required facts and allegations to meet the basis (sic) elements of their promissory estoppel claim . . . ."  This failure to oppose might in and of itself warrant dismissal of the promissory estoppel claim.  See C.D. Cal. L.R. 7-12.

In any event, though paragraphs 42-50 do include conclusory allegations regarding a clear and unambiguous promise (FAC ¶ 41) and reasonable and foreseeable reliance (FAC ¶ 46), they do not include facts sufficient to satisfy those elements.  Indeed, the FAC's alleges that Defendants' promises were <u>not</u> clear.  Plaintiffs allege that the plans were "vague as to the dollar amount of the coverages," that Defendants did not identify any parameters regarding the definition of reasonable and customary charges, and that the terms of the plans were ambiguous.  (FAC ¶¶ 43, 44.)  Furthermore, the plans state that "the Plan's payment for a Service by [a] Non-Preferred Provider may be substantially less than the amount billed."  (RJN, Ex. A at 22).  Plaintiffs cannot plausibly allege that they, as non-preferred, out-of-network providers, were promised full payment for the services they rendered.

Nor can Plaintiffs plausibly allege reasonable reliance on any promise of full payment. As discussed above, the plan specifically states that services provided by out-of-network providers may not be fully reimbursed. Even if Defendants made some oral representation contrary to that provision of the plan, Plaintiffs were on notice of Defendants' position regarding full payment as early as August 2008. Exhibit A to the First Amended Complaint consists of billing records spanning from August 2008 to June 2012. Plaintiffs provide no explanation how, upon learning in 2008 that Defendants would not fully reimburse Plaintiffs for their services, any subsequent reliance on some alleged promise of full payment could possibly be reasonable. In light of these deficiencies, amendment of this claim would be futile. Accordingly, Plaintiffs' promissory estoppel claim is dismissed, with prejudice.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion is GRANTED. Plaintiffs' complaint is DISMISSED, with prejudice.[2]

IT IS SO ORDERED.

Dated: February 9, 2015

DEAN D. PREGERSON
United States District Judge

---

[2] The issuance of this Order was delayed due to an oversight of this court and unforeseen circumstances. In the future, parties are encouraged to contact the court regarding any timing concerns, should the need arise.